STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CLAUDIA A. QUIROZ (CABN 254415)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7428
    FAX: (415) 436-7234
    claudia.quiroz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 15-00234-013 CRB |
| Plaintiff, | **UNITED STATES'** <br> **SENTENCING MEMORANDUM** |
| v. | |
| ARMAN DANIELIAN, | Sentencing Date: May 6, 2022 <br> Sentencing Time: 10:00 a.m. <br> Court: Hon. Charles R. Breyer |
| Defendant. | |

## INTRODUCTION

On October 22, 2019, Defendant Arman Danielian pleaded guilty to Count Seven of the Second Superseding Indictment, charging him with conspiracy to engage in the unlicensed wholesale distribution of prescription drugs, in violation of 18 U.S.C. § 371; 21 U.S.C. §§ 331(t), 333(b)(1)(D), and 353(e)(2)(A). Danielian pleaded guilty pursuant to a plea agreement with the government under Rule 11(c)(1)(A) and (B). In the plea agreement, the parties agreed to an Adjusted Offense Level of 4. The parties reached no agreement regarding Danielian's criminal history, an appropriate fine amount, or a term of supervised release.

///

U.S. Probation has calculated that Danielian's Total Offense Level is 4 and that his Criminal History Category is I, resulting in a Guidelines Range of 0 to 6 months of imprisonment. U.S. Probation recommends a sentence of 3 years' probation, no supervised release, a fine of $2,500, and a $100 special assessment. The government concurs with and joins in U.S. Probation's recommendation

## DISCUSSION

### A. The Defendant's Offense Conduct

The offense conduct is sufficiently set forth in the PSR. *See* PSR ¶¶ 53-66. In summary, in 2014, Danielian met in person with two of his co-defendants and an undercover law enforcement agent (UC) on three occasions for the purpose of assisting his co-defendants and the UC in establishing a wholesale pharmaceutical business in violation of state licensing requirements, including the requirement that the drugs be distributed by a person licensed in California. During those meetings, Danielian engaged in discussions about how to circumvent regulations by having someone other than the actual business owner take the Board of Pharmacy's "designated representative" examination, what inspections the Board of Pharmacy might conduct and how to avoid inspections, and the forging of medication "pedigrees." Danielian offered advice on how an out-of-state pharmacy might do business in California and offered to assist with various aspects of the illegal business in exchange for receiving a commission on sales of medication to pharmacies. Danielian even went as far as to suggest a name for the business. Further, Danielian provided the UC with a link to online resources for preparing the "designated representative" examination and discussed with the UC the required paperwork to facilitate opening a wholesale pharmacy.

### B. The Defendant's Guideline Calculation

The government agrees with U.S. Probation's calculation of the Total Offense Level as set forth below:

    a.    Base Offense Level, U.S.S.G. § 2B1.1:    6

    b.    Acceptance of Responsibility, U.S.S.G. § 3E1.1:    - 2

    c.    Adjusted Offense Level:    4

Given that Danielian's Adjusted Offense Level is 4, and with a Criminal History Category of I, his Guidelines range is zero to six months of imprisonment.

### C. A Sentence of 3 Years' Probation Is Sufficient but Not Greater than Necessary to Achieve the Goals of Sentencing

Danielian's conduct in this case revolves around setting up drug wholesale companies and discussing opening a wholesale pharmaceutical business in violation of state licensing requirements, including the requirement that the drugs be distributed by a person licensed in California, and providing information on how to open such a business. Danielian will likely argue that this case has been pending for a long time and that the time he has spent in pretrial supervision sufficiently penalizes him for his conduct. Although Danielian is not among the most culpable defendants in this case, he certainly is not the least culpable either and he should be held responsible for his actions. In light of the circumstances in this case and Danielian's conduct, the government believes that a sentence of 3 years' probation is sufficient, but not greater than necessary, to achieve the sentencing goals. This recommended sentence will promote Danielian's respect for the law, provide him just punishment, and adequately deter him from criminal conduct.

### CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 3 years' probation, no supervised release, a $2,500 fine, and a $100 special assessment.

DATED: April 29, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
CLAUDIA A. QUIROZ
ANDREW F. DAWSON
Assistant United States Attorneys

U.S. SENTENCING MEMORANDUM (DANIELIAN)   3
CR 15-00234-013 CRB