AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Arman Danielian | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number:  CR-15-00234-013 CRB<br>) BOP Case Number: DCAN315CR00234-013<br>) USM Number: 68994-112<br>) Defendant's Attorney:   August Gugelmann (Retained)<br>Mary McNamara (Retained) |

**THE DEFENDANT:**

☑ pleaded guilty to count: <u>7 of the Second Superseding Indictment.</u>

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 331(t) and<br>21 U.S.C. § 333(b)(1)(D) | Conspiracy to Engage in the Unlicensed Wholesale Distribution<br>of Prescription Drugs | May 6, 2015 | 7 |
| | | | |

The defendant is sentenced as provided in pages 2 through  <u>7</u>  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/6/2022
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Charles R. Breyer
<u>Senior United States District Judge</u>
Name & Title of Judge

Date.  May 9, 2022
_____
Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Arman Danielian                                                                 Judgment - Page 2 of 7
CASE NUMBER:  CR-15-00234-013 CRB

## PROBATION

The defendant is hereby sentenced to probation for a term of: <u>1 year.</u>

The appearance bond is hereby exonerated.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

## MANDATORY CONDITIONS OF SUPERVISION

1)     You must not commit another federal, state or local crime.
2)     You must not unlawfully possess a controlled substance.
3)     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5) ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6) ☐   You must participate in an approved program for domestic violence. *(check if applicable)*
7) ☐   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8)     You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9)     If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10)    You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Arman Danielian | Judgment - Page 3 of 7 |
| CASE NUMBER: CR-15-00234-013 CRB | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1)      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)      You must follow the instructions of the probation officer related to the conditions of supervision.
5)      You must answer truthfully the questions asked by your probation officer.
6)      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7)      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8)      You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9)      You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10)     If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11)     The defendant shall not act as a confidential informant without first notifying the probation officer.
12)     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐      If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.


(Signed) _____          _____
             Defendant                                                    Date


        _____          _____
             U.S. Probation Officer/Designated Witness                     Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Arman Danielian | Judgment - Page 4 of 7 |
| CASE NUMBER:  CR-15-00234-013 CRB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. You must pay any fine and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Arman Danielian | Judgment - Page 5 of 7 |
| CASE NUMBER:  CR-15-00234-013 CRB | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | Waived | None | N/A | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the fine/restitution.

    ☐ the interest requirement is waived for the fine/restitution is modified as follows:

    _____

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: Arman Danielian                                                                  Judgment - Page 6 of 7
CASE NUMBER: CR-15-00234-013 CRB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐  Lump sum payment of _____ due immediately, balance due

         ☐  not later than _____ , or
         ☐  in accordance with    ☐ C,    ☐ D, or   ☐ E, and/or     ☐ F below); or

**B** ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑  Special instructions regarding the payment of criminal monetary penalties:
      **A $100 special assessment is mandatory. Criminal monetary payments shall be made to the Clerk of U.S. District
      Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s): _____

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
       a.  approximately $3,017,888.30 seized from Bank of Manhattan account number 208948807,
            held in the name of Sky Atlantic Capital Group, Inc. on or about February 24, 2015;
       b.  approximately $7,983,151.78 seized from Bank of Manhattan account number 285126789
            held in the name of Sky Atlantic Capital Group, Inc. on or about February 24, 2015;
       c.  approximately $1,926,579,.42 seized from Associated Bank account number 2283283550 held in
            the name of Minnesota Independent Cooperative, Inc. on or about February 25, 2015;
       d.  approximately $340,645.48 seized from Merchant Bank account number 70050342 held in the

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Arman Danielian | Judgment - Page 7 of 7 |
| CASE NUMBER:  CR-15-00234-013 CRB | |

name of Minnesota Independent Cooperative, Inc. on or about February 27, 2015;

e.   approximately $716,539.66 seized from Citibank account number 205851595 held in the name of Nationwide Payment Solutions, Inc. on or about March 12, 2015;

f.   approximately $2,362.80 seized from Citibank account number 205851587 held in the name of Nationwide Payment Solutions, Inc. on or about March 12, 2015;

g.   approximately $1,910.00 seized from Citibank account number 205851280 held in the name of Westprime Systems Inc. on or about March 12, 2015;

h.   approximately $8,839.18 seized from Citibank account number 205851298 held in the name of Westprime Systems Inc. on or about March 12, 2015;

i.   approximately $4,934,463.32 held to settle the un-negotiated cashier's check number 254492 made payable to Sky Atlantic Capital Gourp, Inc., and originally funded by Comerica Bank account number 1894966892, held in the name of Sky Atlantic seized on or about March 4, 2015;

j.   approximately $1,241,680.82 from Comerica Bank held to settle the un-negotiated cashier's check number 254491 made payable to Sky Atlantic Capital Gourp, Inc., and originally funded by Comerica Bank account number 184966884, held in the name of Sky Atlantic seized on or about March 4, 2015;

k.   approximately $451,741.61 seized from Banco Santander account no. 3004892983, held in the name of FMC Distributors, Inc. on or about March 5, 2015;

l.   Real Property and Improvements located at 1634 La Lorna Drive, Santa Ana, California 92705 (APN 502-011-038);

m.   Real Property and Improvements located at 213 34th Street, Newport Beach, California 92663 (APN 423-351-18);

n.   Real Property and Improvements located at 1422 Edinger Avenue, Suite 230, Tustin, California 92780 (APN 939-651-30, alternate APN 430-261-32);

o.   Real Property and Improvements located at 1730 Capistrano Circle, Glendale, California 91208 (APN 5653-015-025);

p.   Real Property and Improvements located at 311 Caruso Avenue, Glendale, California 91210 (APN 5642-014-105);

q.   Real Property and Improvements located at 305 Calle Francesca, San Clemente, California 92672 (APN 060-281-39)

r.   $1,204,581.62 in funds from Bane of California in the name of WJ Capital Corporation;

s.   $1,000,000.00 in funds from Bane of California in the name of WJ Capital Corporation;

t.   $1,649,169.00 in funds from Bryn Mawr Trust Company in the name Series Global Surety Company;

u.   $569,169 in funds from Bryn Mawr Trust Company of Delaware in the name of Sries Global Surety Company Endeavor Assurance;

v.   $2,193,413.72 in funds from Merchant's Bank in the name of Minnesota Independent Cooperative;

w.   $1,537,311.21 in funds of Merchant's Bank in the name of Kensington Marketing Inc.; and

x.   $2,800,000 in funds seized from City National Bank in the name of Wilshire Escrow Company.

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**